UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DANA McALLISTER,

      PLAINTIFF,

vs.

IMAD MANSOOR, M.D.; MAAN EKKAH, M.D.; MERNA JARBO, D.O.; SHANNON BRZAK, N.P.; CORMED PLUS; MAAN EKKAH, P.C.; WORLD INSURANCE ASSOCIATES, LLC; and FRANKENMUTH INSURANCE,

      DEFENDANTS.

C.A. No.  2:25-cv-11965
Hon. Mark A. Goldsmith

DANA McALLISTER
PLAINTIFF IN PRO PER
607 Shelby Street, #749
Detroit, MI 48226
dmcallisteroakcty@gmail.com

MICHAEL T. RYAN P53634
Merry, Farnen & Ryan, P.C.
ATTORNEYS FOR DEF, FRANKENMUTH INS
300 Maple Park Blvd., Suite 301
St. Clair Shores, MI 48081
586-776-6700 / 586-776-1501 - FAX
586-776-5927 (Ryan direct)
mryan@mfr-law.com

## DEFENDANT FRANKENMUTH INSURANCE COMPANY'S MOTION TO DISMISS

Defendant, **FRANKENMUTH INSURANCE COMPANY** ("FIC") (improperly referred to as "Frankenmuth Insurance"), by its attorneys, Merry, Farnen & Ryan, P.C., states the following as its Motion to Dismiss.

1.    This motion is brought pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

2.    Based on the analysis and legal authorities presented in the brief submitted contemporaneously with this motion, dismissal of plaintiff's claims against FIC based on

28 U.S.C. § 4101, 42 U.S.C. ¶ 1320d *et seq.* ("HIPAA"), and 42 U.S.C. § 300jj-52 is properly granted pursuant to Fed. R. Civ. P. 12(b)(1) as the Court lacks subject matter jurisdiction.

3.     Based on the analysis and legal authorities presented in the brief submitted contemporaneously with this motion, dismissal of plaintiff's claims against FIC based on 28 U.S.C. § 4101, 42 U.S.C. § 1320d *et seq.*, 42 U.S.C. § 300jj-52, and 42 U.S.C. § 1981 is properly granted pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

WHEREFORE, Defendant, **FRANKENMUTH INSURANCE COMPANY**, respectfully requests that the Court grant its motion to dismiss this action against it with prejudice and award your Defendant such other relief as the Court deems appropriate.

DATED: July 16, 2025

*s/Michael T. Ryan*
**MICHAEL T. RYAN P53634**
**Merry, Farnen & Ryan, P.C.**
ATTORNEY FOR DEFENDANT, FRANKENMUTH
300 Maple Park Blvd., Suite 301
St. Clair Shores, MI 48081
586-776-5927
mryan@mfr-law.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA McALLISTER,

        PLAINTIFF,

vs.

IMAD MANSOOR, M.D.; MAAN EKKAH, M.D.; MERNA JARBO, D.O.; SHANNON BRZAK, N.P.; CORMED PLUS; MAAN EKKAH, P.C.; WORLD INSURANCE ASSOCIATES, LLC; and FRANKENMUTH INSURANCE,

        DEFENDANTS.

C.A. NO. 2:25-CV-11965
HON. MARK A. GOLDSMITH

---

**DANA McALLISTER**
PLAINTIFF IN PRO PER
607 Shelby Street, #749
Detroit, MI 48226
dmcallisteroakcty@gmail.com

**MICHAEL T. RYAN P53634**
**Merry, Farnen & Ryan, P.C.**
ATTORNEYS FOR DEF, FRANKENMUTH
300 Maple Park Blvd., Suite 301
St. Clair Shores, MI 48081
586-776-6700 / 586-776-1501 - FAX
586-776-5927 (Ryan direct)
mryan@mfr-law.com

---

BRIEF IN SUPPORT OF DEFENDANT
FRANKENMUTH INSURANCE COMPANY'S MOTION TO DISMISS

---

## STATEMENT OF THE ISSUE PRESENTED

### 1.

PLAINTIFF'S COMPLAINT, CONSISTING OF CLAIMS BASED ON 28 U.S.C. § 4101, 42 U.S.C. § 1981, 42 U.S.C. § 1320d *et seq.*, and 42 U.S.C. § 300jj-52, IS SUBJECT TO DISMISSAL UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6).

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Ashcroft v. Iqbal,*
       556 U.S. 662 (2009)

*Conley v. Gibson,*
       355 U.S. 41 (1957)

*Kokkonen v. Guardian Life Ins. Co. of America,*
       511 U.S. 375 (1994)

Fed. R.  Civ. P. 12(b)(1) and 12(b)(6)

## BACKGROUND

Plaintiff commenced this action against Frankenmuth Insurance Company ("FIC") and eight other defendants, alleging violations of 28 U.S.C. § 4101, 42 U.S.C. § 1981, 42 U.S.C. § 1320d *et seq.* ("HIPAA"), and 42 U.S.C. § 300jj-52, the 21st Century Cures Act. Relying on these statutes, plaintiff alleges federal question jurisdiction. (Complaint, ¶ 46.)

As best as can be discerned from the complaint allegations, this action finds its genesis in the termination of plaintiff's receipt of work loss benefits and household services following a motor vehicle accident.

FIC seeks dismissal of the entirety of the complaint's allegations against it pursuant to Fed. R. of Civ. P. 12(b)(1) and 12(b)(6).

## ANALYSIS

### PLAINTIFF'S COMPLAINT, CONSISTING OF CLAIMS BASED ON 28 U.S.C. § 4101, 42 U.S.C. § 1981, 42 U.S.C. § 1320d *et seq.*, and 42 U.S.C. § 300jj-52, IS SUBJECT TO DISMISSAL UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6).

FIC seeks  dismissal of plaintiff's complaint alleging claims predicated on 28 U.S.C. § 4101, 42 U.S.C. § 1320d *et seq.* ("HIPAA"), and 42 U.S.C. § 300jj-52 pursuant to both Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Where dismissal is sought under both Fed. R. of Civ. P. 12(b)(1) and 12(b)(6), the 12(b)(1) motion must be considered first as a 12(b)(6) motion would be moot if there was no subject matter jurisdiction.

*See, Bell v. Hood,* 327 U.S. 678, 682 (1946). FIC also seeks dismissal of plaintiff's claims based on 42 U.S.C. § 1981, pursuant to Fed. R. Civ. P. 12(b)(6).

### Dismissal under Fed. R. Civ. P. 12(b)(1)

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). Unless otherwise provided by statute, federal subject matter jurisdiction requires: 1) an action "arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331; or 2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332. *Arbaugh v. Y & H Corporation,* 546 U.S. 500, 513 (2006). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (cleaned up). "[W]hen subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss." *Giesse v. Secretary of Department of Health and Human Services,* 522 F.3d 697, 702 (6th Cir. 2008).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  The task of the district court is to determine whether, after accepting as true all material factual allegations of the complaint and drawing all reasonable inferences in favor of the

2

plaintiff, the alleged facts affirmatively and plausibly suggest that the court has subject matter jurisdiction. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56-57 (2d Cir. 2016).

A suit arises under federal law if a federal statute creates the cause of action or if a plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *See, Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27–28 (1983). None of the causes of action based on claimed violations of 28 U.S.C. § 4101, 42 U.S.C. § 1320d *et seq.*, and 42 U.S.C. § 300jj-52 meet the requirements for federal question jurisdiction. "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington,* 442 U.S. 560, 568 (1979). Congress must expressly authorize a private cause of action for a private person to have the right to sue to enforce a federal statute. *Alexander v. Sandoval,* 532 U.S. 275, 286 (2001).

Plaintiff invokes 28 U.S.C. § 4101 as the foundation for her allegations that defendants defamed her. The statute "merely defines the term 'defamation' for purposes of a statutory scheme that allows United States courts to recognize or enforce foreign judgments for defamation under certain circumstances.... [A]nd the statute does not provide a separate cause of action for defamation." *DeLima v. Google, Inc.,* 561 F. Supp.3d 123 (N.D. N.H. 2021). Indeed, another judge of this Court previously

3

dismissed a defamation claim brought by the plaintiff based on 28 U.S.C. § 4101. *McAllister v. Long,* 2025 WL 595156, at *2 (E.D. Mich. Feb. 24, 2025).  The statute does not bestow federal question jurisdiction. *See also, Birchfield v. Boyd-Monroe,* 2025 WL 1113311, at *2 (E.D. Mo. Apr. 15, 2025).

Plaintiff also alleges that "all defendants" violated HIPAA, 42 U.S.C. § 1320d *et seq.* It is well-settled that there is no private cause of action premised on a violation of HIPAA. The Sixth Circuit Court of Appeals instructs that if an individual plaintiff deems his or her HIPAA rights were violated, "the proper avenue for redress is to file a complaint with the DHHS [Department of Health and Human Services]."[3] *Thomas v. Univ. of Tenn. Health Science Ctr at Memphis,* 2017 WL 9672523 at *2 (6th Cir. Dec. 6, 2017) (ruling that the district court did not err in dismissing claims under HIPAA where no private right of action existed, and citing cases). Because plaintiff cannot bring claims herself against defendants for HIPAA violations, HIPAA also cannot confer federal question jurisdiction over this cause.

Plaintiff attempts to bestow federal question jurisdiction over this lawsuit by alleging that defendants violated 42 U.S.C. § 300jj-52. Enacted in 2016, the 21st Century Cures Act was designed to foster safe and open "access, exchange, and use of electronic health information (EHI)." 21st Century Cures Act: Interoperability, Information Blocking, and the ONC Health IT Certification Program, 85 Fed. Reg. 25642, 25643 (2020). The Act's purpose is to protect individuals and entities from

"information blocking," or unnecessary obstacles to records access from the companies that electronically store the records. *Id.* "Information blocking" constitutes any acts which likely "interfere with access, exchange, or use of electronic health information," to include "practices that restrict authorized access" to records necessary "for treatment and other permitted purposes." 42 U.S.C. § 300jj-52. As is the case with 28 U.S.C. § 4101 and 42 U.S.C. § 1320d *et seq.,* Congress did not provide for a private cause of action under the Cures Act. The Act's detailed enforcement scheme makes clear that Health and Human Services is exclusively authorized to pursue enforcement of statutory violations. "Our precedents establish that a private right of action under federal law is not created by mere implication, but must 'unambiguously conferred[.]'" *Armstrong v. Exceptional Child Ctr., Inc.,* 575 U.S. 320, 332 (2015).

Because Congress did not create a private cause of action for enforcement of these three statutes "there is no federal question which would provide this court with subject matter jurisdiction." *City of Detroit ex rel Detroit Water & Sewage Dep't v. Mich.,* 538 F. Supp. 1169, 1172 (E.D. Mich. 1982).

### *Dismissal under Fed. R. Civ. P. 12(b)(6)*

Under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). When assessing a 12(b)(6) motion, the complaint must be construed in the light most

5

favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). But a Court need not accept as true legal conclusions or unwarranted factual inferences. *Lewis v. ACB Business Serv., Inc.,* 135 F.3d 389, 405 (6th Cir.1998). Dismissal under Fed. R. Civ. P. 12(b)(6) "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir. 2008).

Even if dismissal is somehow not deemed warranted for lack of subject matter jurisdiction, because 28 U.S.C. § 4101, 42 U.S.C. § 1320d *et seq.,* and 42 U.S.C. § 300jj-52 do not provide a private cause of action, dismissal is nonetheless proper under Fed. R. Civ. P. 12(b)(6). *See, e.g., Harper v. ACS-Inc.,* 2010 WL 11703428 (Nov. 1, 2010) (granting motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) because no private right of action exists under the Higher Education Act, 20 U.S.C. §§ 1070 *et seq.*).

To the extent that plaintiff brings a cause of action against FIC for violation of 42 U.S.C. § 1981, it is subject to dismissal under 12(b)(6).  A complaint need not contain detailed factual allegations, but facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). In order to withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must plead specific factual allegations, and not just legal

6

conclusions, in support of each claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 678-679 (2009).

Admittedly, a Court holds *pro se* complaints to "less stringent standards than formal

pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520 (1972). However,

even as to pleadings drafted by *pro se* parties, "'courts should not have to guess at the

nature of the claim asserted.'" *Frengler v. Gen. Motors,* 482 F. App'x 975, 976-77 (6th

Cir. 2012)  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation

of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678. "Nor does a

complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

enhancement.' " *Id.* "A complaint which does not allege specific acts of conduct" on

the part of a defendant is insufficient to put the defendant on notice of the claims

against him and should be dismissed." *Abdel-Fares v. Terris,* 2015 WL 3451240, at

*4 (E.D. Mich. Apr. 29, 2015). The requirements for pleading a discrimination cause

of action were explained in *Nails v. Parkside Apartments,* 2019 WL 2570953, at *4

(E.D. Mich. May 28, 2019) (dismissing FHA claim because merely "reciting" plaintiff's

and renter's race did not support inference of intentional discrimination), *report and*

*recommendation adopted,* 2019 WL 2566732 (E.D. Mich. June 21, 2019):

> "Still, the Supreme Court established a 'plausibility' standard in *Twombly* and
> *Iqbal* for assessing whether a complaint's factual allegations support its legal
> conclusions, and that standard applies to causation in discrimination claims."
> *Keys v. Humana, Inc.,* 684 F.3d 605, 610 (6th Cir. 2012). "A complaint that
> includes only conclusory allegations of discriminatory intent without supporting
> factual allegations does not sufficiently show entitlement to relief." *HDC, LLC*
> *v. City of Ann Arbor,* 675 F.3d 608, 613 (6th Cir. 2012). Thus, "[a]lthough the
> plaintiff may survive a motion to dismiss without pleading a *prima facie* case of

discrimination, the complaint must nevertheless allege sufficient 'factual content' from which a court could 'draw the reasonable inference' of ... discrimination." *James v. Hampton*, 592 F. App'x 449, 461 (6th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). *See, e.g., Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 626-27 (6th Cir. 2013) (holding that Asian-American man did not state plausible claims of race and gender discrimination because he made conclusory allegations that he was given a bad evaluation and terminated from his job because of his race and gender, and he did not support those allegations with any facts from which a reasonable person could infer that the man's race and gender factored into his employer's decision to terminate him or otherwise caused him to lose his job).

Thus, plaintiff's claim of racial discrimination under § 1981 against FIC requires her to plead specific facts that support a plausible inference of intentional discrimination. *Machisa v. Columbus City Bd. of Educ.*, 563 F. App'x 458, 461 (6th Cir. 2014).

Plaintiff alleges that "All Defendants failed in Civil Rights in violation of 42 USC 1981." (Complaint ¶ 60) "All defendants" would include FIC. This is the sole allegation directed at FIC in the count of the complaint labeled "Violation of 42 U.S.C. 1981." The remaining allegations of the count are directed solely at the "Coremed Plus" defendants. Elsewhere in the complaint, it is alleged that FIC was made aware of "egregious statements" by the Coremed defendants about plaintiff and "continued the discrimination via silence." (Complaint, ¶ 41). It is further alleged that "all defendants did not believe that an African American and Cuban American woman could earn almost $240,000.00 ...." (Complaint, ¶ 41) and that "[a]ll of the Defendants fed into the stereotype that African Americans and Hispanics are fraudsters, poor and

8

are trying to 'game the system' and they treated her accordingly." (Complaint, ¶ 44) Plaintiff's vague allegations related to discrimination by FIC because of her race and/or ethnicity fall far short of meeting the pleading standard for a § 1981 cause of action thereby making dismissal appropriate.

§ 1981(a) provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

"In order to state a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) that plaintiff is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute, which includes the right to make and enforce contracts." *Brown v. Philip Morris Inc.,* 250 F.3d 789, 797 (3d Cir.2001). Dismissal is appropriate for the additional reason that plaintiff's discrimination allegations against FIC do not address "discrimination concerning one or more of the activities enumerated in the statute." (cleaned up)

Here, even after liberally construing plaintiff's *pro se* complaint, the Court may properly find that plaintiff does not state a cause of action against FIC under § 1981.

9

WHEREFORE, Defendant, **FRANKENMUTH INSURANCE COMPANY**, respectfully requests that the Court grant its motion to dismiss this action against it with prejudice and award your Defendant such other relief as the Court deems appropriate.

DATED: July 16, 2025

_s/Michael T. Ryan_
**MICHAEL T. RYAN P53634**
**Merry, Farnen & Ryan, P.C.**
ATTORNEY FOR DEFENDANT, FRANKENMUTH
300 Maple Park Blvd., Suite 301
St. Clair Shores, MI 48081
586-776-5927
mryan@mfr-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on _July 16, 2025_ I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all registered users and attorneys of record. I hereby certify that I have emailed and mailed by United States Postal Service the paper to the following non-ECF participants:

**DANA McALLISTER**
PLAINTIFF IN PRO PER
607 Shelby Street, #749
Detroit, MI 48226
dmcallisteroakcty@gmail.com

_s/Michael T. Ryan_
**MICHAEL T. RYAN P53634**
mryan@mfr-law.com

10