UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA McALLISTER,

       Plaintiff,

v.

                                            Case No. 25-cv-11965
                                            HON. MARK A. GOLDSMITH

IMAD MANSOOR, et al.,

       Defendants.

_____/

### ORDER (i) ADOPTING REPORT AND RECOMMENDATION (Dkt. 73); (ii) GRANTING DEFENDANT FRANKENMUTH INSURANCE'S MOTION TO DISMISS (Dkt. 9); (iii) GRANTING DEFENDANT SHANNON BRZAK'S MOTION TO DISMISS (Dkt. 28) and (iv) DENYING DEFENDANT BRZAK'S OBJECTION (Dkt. 74)

Before the Court is Defendant Shannon Brzak's objection (Dkt. 74) to Magistrate Judge Kimberly G. Altman's January 20, 2026 Report and Recommendation (R&R).  1/20/26 R&R (Dkt. 73).  The R&R recommends that the Court grant both Defendant Frankenmuth Insurance's motion to dismiss (Dkt. 9) and Defendant Shannon Brzak's motion to dismiss (Dkt. 28).  1/20/26 R&R.[1]

The R&R also recommends that the Court deny Brzak's request for an award of attorney fees and costs.  Id. at PageID.1298–1299.  Brzak's single objection concerns only this portion of the R&R.  Obj. at PageID.1303.  For the reasons set forth below, the Court denies the objection

---

[1] Defendants CoreMed Plus, Maan Ekkah, Maan Ekkah PC, and Merna Jarbo have also filed a motion to dismiss.  (Dkt. 70).  As the 1/20/26 R&R indicates, the magistrate judge will issue a R&R addressing that motion.  1/20/26 R&R at fn.2 PageID.1286.

In the meantime, on March 25, 2026, the magistrate judge issued an R&R recommending that the Court dismiss Defendant Imad Mansoor without prejudice.  3/25/26 R&R (Dkt. 83).  Court will address that R&R, and any objections to it, after the time for the parties to file an objection has lapsed.

and adopts the R&R.[2] Defendants Frankenmuth and Brzak are dismissed.

## I.      ANALYSIS

### A.  Legal Standard

Upon receiving objections to an R&R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

### B.  Objection

Brzak's objection argues that she should be awarded sanctions in the form of attorney fees and costs.  Obj. at PageID.1303–1306.  She argues that, though McAllister is a pro se party, she is prolific filer of lawsuits, some of which have been dismissed as meritless, and McAllister is not a novice to litigation. Id.  She argues that this lawsuit is similar to McAllister's dismissed lawsuits, so the Court should sanction her for bringing this case. Id.

A request for sanctions must set forth a basis for their imposition and Brzak fails to do so here. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." McPherson v. Kelsey, 125 F.3d 989, 995–996 (6th Cir. 1997).  Brzak does not develop any arguments in support of a sanctions award in her objection.  It is not enough to state that McAllister has filed other lawsuits, including some that have been dismissed. See Obj. at PageID.1303.  This alone

---

[2] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing.  See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).  McAllister did not respond to the objection, nor did she respond to Frankenmuth or Brzak's motions to dismiss.

does not lead to the conclusion that McAllister's conduct should result in sanctions here. Brzak has not met her burden of showing that sanctions are warranted. The R&R's recommendation to reject Brzak's request for sanctions is correct and the Court adopts it.

### C. Clear Error Review

The parties have not filed any other objections to the R&R. See Fed. R. Civ. P. 72(b)(2). The failure to file an objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985). There is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the R&R's recommendation to grant Frankenmuth and Brzak's motions to dismiss.

## II. CONCLUSION

The Court denies Brzak's objection (Dkt. 74) and adopts the R&R (Dkt. 73). Frankenmuth and Brzak's motions to dismiss are granted (Dkts. 9, 23).

**SO ORDERED.**

Dated: March 27, 2026  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 27, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager

4