UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA McALLISTER,

        Plaintiff,

v.

                                          Case No. 25-cv-11965
                                          HON. MARK A. GOLDSMITH

IMAD MANSOOR, M.D., et al,

        Defendants.

_____/

**OPINION & ORDER (1) ADOPTING REPORT AND RECOMMENDATION THAT DEFENDANT MANSOOR BE DISMISSED (Dkt. 83); (2) ADOPTING REPORT AND RECOMMENDATION THAT (i) DEFENDANTS' MOTION TO DISMISS BE GRANTED (Dkt. 70), (ii) EACH PARTY BEAR THEIR OWN COSTS, (iii) PREFILING RESTRICTIONS BE IMPOSED ON PLAINTIFF, AND (iv) THAT DEFENDANT WORLD INSURANCE ASSOCIATES BE SUA SPONTE DISMISSED (Dkt. 85); AND (3) DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION (Dkt. 87)**

Before the Court are two Reports and Recommendations (R&R), issued on March 25, 2026 and on April 10, 2026 (Dkts. 83, 85).  No objections have been filed.  For the reasons discussed below, the Court adopts both R&Rs, rejects Plaintiff Dana McAllister's request for reconsideration (Dkt. 87), and dismisses the case. [1]

## I.    BACKGROUND

The background of this case is accurately set forth in both the March 25, 2026 R&R, 3/25/26 R&R at PageID.1369–1370, and in the April 10, 2026 R&R, 4/10/26 R&R at PageID.1381–1387.

---

[1] Because oral argument will not aid the Court's decisional process, the decisions in this Opinion and Order are based on the docket entries described herein.  See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).

## II.    ANALYSIS

### A.    March 25, 2025 R&R

The first R&R, issued on March 25, 2026, recommends that Defendant Mansoor be dismissed without prejudice.  (Dkt. 83).  The 3/25/26 R&R explains that McAllister did not properly serve Mansoor within the time permitted under the Federal Rules of Civil Procedure, nor had Mansoor answered or otherwise appeared in the case.  Id. at PageID.1371.  The Magistrate Judge issued an order to show cause why Mansoor should not be dismissed, and McAllister failed to respond.  Id. at 1370.  The R&R recommended that the Court dismiss Mansoor without prejudice for lack of service and failure to prosecute.  Id. at PageID.1372.

The parties have not filed objections to the R&R, and the time to do so has expired.  See Fed. R. Civ. P. 72(b)(2).  The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review.  See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374  (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard.").  However, there is some authority that a district court is required to review the R&R for clear error.  See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Mansoor is dismissed.

### B.    April 10, 2026 R&R

The second R&R, issued April 10, 2026, recommends that the Court grant the CoreMed Defendants' motion to dismiss (Dkt. 70) and it recommends that each party bear their own costs. 4/10/26 R&R. The R&R further recommends that this Court impose a prefiling restriction on McAllister, preventing her from filing a new case in this district relating to the facts and circumstances surrounding the auto accident without leave of the Court. Lastly, it recommends that World Insurance Associates LLC be dismissed sua sponte. Id.

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). Under the authorities cited in the above sub-section addressing the 3/25/26 R&R, the Court finds no clear error and adopts the 4/10/26 R&R in its entirety.

### C.    McAllister's Request to Reconsider

On April 24, 2026, McAllister filed a document entitled "Plaintiff, Pro Se's Request for Reconsideration of Magistrate Kimberly Altman's Assessment." 4/24/26 Request at PageID.1402 (Dkt. 87). Because the request was filed within 14 days of the 4/10/26 R&R, the Court intended to liberally construe this filing as an objection to the 4/10/26 R&R. However, closer review of McAllister's filing demonstrates that, even under the liberal construal standards afforded a pro se party, this document is not an objection to the 4/10/26 R&R.

The 4/24/26 McAllister filing is difficult to understand. From what the Court can decipher, however, McAllister appears to take issue with arguments made by Defendant Brzak and her counsel relating to this and other cases McAllister has filed relating to the car accident. See id. at

PageID.1403.  She appears to argue that Brzak's filings were made to discredit McAllister.  Id. at

PageID.1404.  She also appears to make other arguments about this and other cases, including, for

example, that she does not intend this case to be a medical malpractice action, but the Court cannot

decipher her arguments beyond this.  Id.

To the extent McAllister's filing is an effort to re-argue the merits of Brzak's dismissal,

the time for making those arguments to be made has long passed.  The Court dismissed Brzak on

March 27, 2026.  See 3/27/26 Order (Dkt. 84).  To the extent McAllister is attempting to re-litigate

the same or some other theory against Brzak, those arguments have been waived because she did

not respond to Brzak's motion to dismiss.  Moreover, McAllister never sought leave to amend her

complaint against Brzak, so, to the extent she seeks permission to do that now (which is not clear

from McAllister's filing) it is too late to do so now that Brzak is already dismissed.

Therefore, the Court denies McAllister's 4/24/26 request.

**D.     McAllister's 4/10/26 Notice**

Lastly, McAllister filed a "Notice of Attempt to Serve Defendant Imad Mansoor" on

4/10/2026.  (Dkt. 86).  McAllister avers in the notice that the Oakland County Sheriff's Office

Civil Division attempted to personally serve Mansoor with McAllister's complaint on several

occasions, unsuccessfully.  Id. at PageID.1399–1400.  According to the Sheriff's Certificate, those

service attempts occurred on July 11, 2025, July 14, 2025, July 22, 2025, and on August 1, 2025.

Return Proof of Service at PageID.1400.  McAllister's notice explains that she is "seeking

assistance from the Court to serve Defendant Dr. Amad Mansoor via the US Marshals and/or in

the alternative Default Defendant Dr. Imad Mansoor, or allow for Alternate Service."  Notice at

PageID.1399.

This notice is not styled as a motion for extension of the deadline on which to serve Mansoor, nor is it styled as any other request for relief.  However, because McAllister is pro se, the Court will liberally construe it as a request for extension of time in which to serve Mansoor and explain why it still fails.

A plaintiff must effectuate service of a summons and complaint within the timeline set forth in Federal Rule of Civil Procedure 4.  Rule 4(m) states in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  McAllister's notice does not dispute that she failed to serve Mansoor within the 90-day period.  Nor does she show good cause or otherwise explain why she waited until now to inform the Court of her unsuccessful attempts at service.

The Court brought McAllister's attention to her failure to serve Mansoor in the first instance through the Magistrate Judge's Order to Show Cause (Dkt. 79).  As explained already in this Order, McAllister failed to respond to that show cause order.  Accordingly, McAllister failed to serve the summons and complaint within the 90-day time period and failed to show good cause to justify an extension of time in which to do so.  As discussed, the Court has accepted the Magistrate Judge's R&R to dismiss Mansoor without prejudice.  See Byrd v. Stone, 94 F.3d 217, 219 (6th Cir.1996) ("Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal").  That dismissal remains undisturbed by this filing.

The Court has also adopted the 4/10/26 R&R's prefiling restrictions on McAllister. Therefore, to the extent she seeks to file a new action against Mansoor, it will be subject to the prefiling restrictions set forth in the R&R and adopted by this Court.

### III. CONCLUSION

The Court adopts both the 3/25/26 R&R without objections (Dkt. 83) and the 4/10/26 R&R without objections (Dkt. 85). As set forth in the 4/10/26 R&R, each party will bear its own costs and McAllister will be subject to the prefiling restrictions recommended by the Magistrate Judge. This Order closes the case.

**SO ORDERED.**

Dated: June 15, 2026              s/Mark A. Goldsmith
Detroit, Michigan                 MARK A. GOLDSMITH
                                  United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 15, 2026.

                                  s/Joseph Heacox
                                  JOSEPH HEACOX
                                  Case Manager

6